WOMELDORF, Plaintiff-Appellee, v. TRANSAMERICAN FREIGHT LINES, INC., Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 5478. Decided October 22, 1956.

R. Brooke Alloway, Columbus, for plaintiff-appellee.
Sebastian, Fais & Durst, G. W. Fais, of Counsel, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is an action in which the plaintiff-appellee is seeking the right

to participate under the Workmen's Compensation Law of Ohio for accidental injuries arising out of his employment with the defendant-appellant who, it is admitted, is amenable to the provisions of the Act.

The only error assigned is that the court erred in its charge to the jury in that, in defining the issues, it made no reference to the intervening cause of the plaintiff's injury as alleged in the second defense of the defendant's answer. This defense reads as follows:

"For its second defense to the plaintiff's petition, defendant avers that any alleged disability suffered by the plaintiff after August 1st, 1953, was not due to any accident or injury sustained in the course of his employment for the defendant, nor did the alleged disability of the plaintiff arise out of any accident or injury sustained in the course of plaintiff's employment for the defendant.

"Defendant further avers that on May 9th, 1953, the plaintiff was involved in an automobile accident, in which accident the plaintiff sustained certain injuries to his back; that the plaintiff, following said automobile accident, filed an action for damages in this court against the operator of the other automobile; that the plaintiff, in filing his said action for damages, stated that 'his neck was injured severely, and his back which had been injured previously, but which had almost become well again, was reinjured, and that plaintiff has ever since been and will always be incapacitated from doing any work because of said injury.' Defendant says that the plaintiff signed the petition in said damage action, being case number 187926, on the docket of this court, and plaintiff under oath made the above statement regarding his injuries in said automobile accident. Defendant says that any disability claimed by plaintiff after August 1, 1953, was due directly and proximately to the automobile accident in which plaintiff was involved on May 9, 1953."

We are of the opinion that the pleading of an intervening cause in this defense is merely a reiteration, in different words, of what has been alleged in the first paragraph of the same, to wit, "that any alleged disability suffered by the plaintiff after August 1, 1953, was not due to any accident or injury sustained in the course of his employment."

The first paragraph of this defense is a direct denial of the allegations contained in the petition, while the second paragraph denies indirectly the same averments. However, it does not change the issue made in the first paragraph.

We have examined the entire charge of the court to the jury and find that although it made no specific mention of any intervening cause for the injuries of which the plaintiff complained, it did charge correctly with reference to the requirement that the plaintiff must prove by the proper degree of proof that there was a causal connection between the plaintiff's accidental injury and his employment and that said injury was the proximate cause of the condition of which he now complains, before a verdict could be returned in his favor.

The judge included in his charge the following:

"**If the condition of which plaintiff complains occurred or resulted**

from any other reason or cause then the plaintiff would not be entitled to recover and your verdict should be for the defendant."
And,

"Now I have used the term 'proximate cause' and by 'proximate cause,' * * * is meant that cause which in its natural and continued sequence unbroken and uninterrupted by any new, independent or intervening agency produced the thing complained of, or the injury alleged." (Emphasis ours.)

This was correct and had reference to the intervening accident upon which defendant based its defense. If it desired a further charge it should have requested it. We find no error in the charge as given. Failure to give additional charges which might properly have been given is not ground for error unless such further instruction was requested and refused. The law relating to the necessity for such a request is well set forth in 39 O. Jur., p. 1006, Section 297, to wit:

"It is undoubtedly the duty of the court to instruct the jury as to the law governing the situation developed in the particular case, but this duty of the court must be considered in connection with the duty of counsel to request an instruction upon specific questions arising during the trial of a case, where the court has omitted to charge upon them. In other words, in the event that the trial court neglects or omits fully to charge upon some important issue or issues in a case, it becomes the duty of counsel who desires that further and more complete instructions on a matter in issue be given, to call such fact to the attention of the court and request that additional instructions be given. So, if counsel considers the instructions of the court on certain questions insufficient, desires more specific instructions or more comprehensive instruction, or desires that the court elaborate upon or explain instructions given in its general charge, he should call the court's attention to the fact and request that the instructions given be elaborated or amplified to the extent necessary for full development of the law. Such a rule is necessary, as it is hardly possible for any court in its charges to the jury, unaided by suggestions from counsel, to comprehend every possible point of view and cover every phase of the case."

It is our conclusion that the court did instruct upon all the issues raised by the pleadings and that the jury was not misled by the same.

The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

No. 5478.   Decided September 4, 1956.

## OPINION
By THE COURT.

Submitted on motion of the plaintiff-appellee seeking an order dismissing the appeal for the reason that the appellant has failed to comply with Rule VII of this Court relative to the filing of brief and assignments of error. Affidavits have been filed by each of the parties from which it appears that there was an agreement as to an extension of

time, but there has been some misunderstanding as to the length of the same. We are of the opinion that good cause has been shown for the failure to comply with said Rule, and the motion will be overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.